**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DAVID E. MARTINELLI,**

      **Plaintiff,**

**v.**                                              **Case No. 3:09cv256/MCR/MD**

**DIXIE ANGELA MORROW,**

      **Defendant**.
_____/

## ORDER

Pending before the court is Plaintiff David Martinelli's motion to file amended complaint (doc. 30), which was filed following the magistrate judge's report and recommendation, recommending that the court grant defendant's motion to dismiss and dismiss Martinelli's complaint (doc. 25). The court finds that Rule 15(a)(1), Federal Rules of Civil Procedure, requires that plaintiff, a *pro se* prisoner, be allowed the opportunity to amend his civil rights complaint to include a claim of retaliation.[1] A motion to dismiss is not considered a responsive pleading for purposes of Rule 15(a)(1).[2] *See Taylor v. Greene*,

---

[1] Although not specifically designated as such, it is obvious from the original complaint that Martinelli believes he has been retaliated against in violation of his civil rights. Whether or not the claim itself will withstand a challenge from defendant, there can be little question that retaliation is the essence of his claim.

[2] The 2009 Amendments to Rule 15(a), effective December 1, 2009, had not yet become effective at the time the motion to dismiss was filed in this case in October 2009. Although the amended Rule 15(a) currently permits a plaintiff to amend the complaint once as a matter of course within 21 days of either a responsive pleading or a Rule 12(b) motion, the prior version of the rule permitted an amendment as of course once prior to a responsive pleading. Under the prior rule, Martinelli's amendment was proper because a motion to dismiss is not a responsive pleading, *see Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993), and no responsive pleading had yet been filed. Under the new version of the rule, his amendment would be untimely. By order of the Supreme Court dated March 26, 2009, the December 1, 2009 amendments "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." In the circumstances presented here, the court concludes that the prior version

2010 WL 1255671 (11th Cir. 2010). Thus, Martinelli had the opportunity to amend his complaint as a matter of course, which means this court lacks the discretion to reject the motion to amend on grounds of futility. *See id.*

Accordingly, the report and recommendation (doc. 25) is adopted, in part. The original complaint is dismissed. However, the amended complaint submitted with Martinelli's motion (doc. 30-1) is accepted for filing and the matter is remanded to the magistrate judge for further proceedings.

**DONE AND ORDERED** this 3rd day of June, 2010.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

of Rule 15 applies. The action was commenced prior to the effective date of the amendments, and at the time of the amendment, a motion to dismiss had been pending since October 22, 2009, with no responsive pleading yet filed. Application of the amendment would have eliminated the plaintiff's right to amend once as a matter of course because by the effective date of the amended Rule 15, the new 21-day window for filing an amendment as of right had already passed, whereas under the old rule, the plaintiff could still amend as of right because no responsive pleading had yet been filed. Accordingly, to avoid an unjust result, the court applies the rule as it existed prior to December 1, 2009.

Case No. 3:09cv256/MCR/MD